**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENGIZ SENGEL,<br><br>   Plaintiff,<br><br>   v.<br><br>COMPATTIA ROCCIA MANAGEMENT GROUP, LLC,<br><br>   Defendant. | Case No. 5:20-cv-01088<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes CENGIZ SENGEL ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of COMPATTIA ROCCIA MANAGEMENT GROUP, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Central District of California.

**PARTIES**

4. Plaintiff is a 60-year-old consumer residing in Temecula, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third party debt collector holding itself out as fully automated accounts receivable company.[1] Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 528 Elmwood Street, Suite 4, Buffalo, New York.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an outstanding personal debt ("subject consumer debt") allegedly owed by Plaintiff.

---

[1] https://paydpmorgan.com/#bob

10. The subject debt stems from a personal line of credit Plaintiff was purportedly issued by Credit Ninja.

11. After purportedly incurring the subject consumer debt, Plaintiff purportedly defaulted on his payments to Credit Ninja, after which point the subject consumer debt was transferred to Defendant for collection purposes.

12. On or about May 6, 2020, Defendant sent or caused to be sent a correspondence to Plaintiff ("May 6th Letter") via electronic mail which sought collection of the subject consumer debt.

13. The May 6th Letter states that the subject debt has a purported balance of $4,223.25.

14. The body of the May 6th Letter states: "Your account with Credit Ninja is severely past due and has changed in status. It is now under final review to determine our last legal option. To avoid accelerated collection efforts and further damage to your credit, you must resolve this matter immediately."

15. Thereafter, the May 6th Letter states, under the guise of the COVID-19 crisis, that Defendant was willing to accept a reduced balance – 50% of the alleged balance of the subject consumer debt – in order to satisfy Plaintiff's purported obligation on the subject consumer debt.

16. After offering the reduced balance opportunity, the collection letter states: "**This personalized settlement offer expires in 24 hours** if a payment plan is not arranged." (emphasis in original).

17. Thereafter, on or about May 9, 2020, Defendant sent or caused to be sent a correspondence to Plaintiff ("May 9th Letter") via electronic mail which again sought collection of the subject consumer debt.

18. The May 9th Letter was identical to the May 6th Letter, save for the date on each correspondence.

3

19. Defendant's collection letters, in combination, underscore such letters' false, deceptive, and misleading nature.

20. The May 6th Letter explicitly informed Plaintiff that he had 24 hours to accept Defendant's settlement offer.

21. As such, the settlement offer made in the May 6th Letter appeared inherently time sensitive.

22. Furthermore, the May 6th Letter's reference to Defendant's "last legal option" suggested that, if "immediate" action were not taken, a lawsuit would be filed.

23. Taking these together, Plaintiff, and the least sophisticated consumer, would assume that failure to accept Defendant's reduced balance offer would result in a lawsuit being filed – furthering the seemingly time-sensitive nature of Defendant's offer.

24. However, as is evident in the May 9th Letter, Defendant's offer was *not* time sensitive, as Defendant made the exact same offer to Plaintiff again, three days later, and long past the purported deadline in the May 6th Letter.

25. Defendant's May 9th Letter further renders false and deceptive the May 6th Letter's allusions to potential litigation occurring.

26. Courts have fashioned "safe harbor" language to debt collectors offering time-sensitive settlement opportunities to consumers who would then later re-offer the same time-sensitive offers; however, neither of Defendant's collection letters contain such safe harbor (i.e., "we are not obligated to renew this offer.")

27. Instead, Defendant's collection letters were designed to falsely and deceptively put pressure on Plaintiff to accept Defendant's settlement terms, lest he lose the opportunity for such settlement and be sued in connection with the subject consumer debt.

28. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

29. Plaintiff has further suffered a violation of his state and federally protected substantive interests to be free from false and deceptive debt collection conduct as a result of Defendant's conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

33. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

37. Defendant violated § 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offers in its collection letters. As discussed above, the May 6th Letter was written and formatted to convey that the settlement offer was time-sensitive in nature through its explicit statement that the settlement option was available

5

for only 24 hours. However, as evident in the May 9th Letter, the settlement offer was not so temporally limited. Further, the May 6th Letter did not contain the phrase "we are not obligated to renew this offer" or similar cautionary language. Use of such phrase or similarly cautionary language would have allowed Plaintiff and the least sophisticated consumer to recognize that the proposed offer had the ability to be renewed at a later date. However, Defendant chose not to use such language. Defendant made this decision in order to deceive Plaintiff and the least sophisticated consumers to accept its settlement offers, notwithstanding the false, deceptive, and misleading nature of such offers.

38. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its implicit threats of pursuing its last legal options if Plaintiff did not resolve the subject consumer debt immediately. Defendant's language instilled in Plaintiff the notion that any failure to respond immediately to Defendant's collection letters would result in a lawsuit being filed. However, such representations were demonstrably false, as evident in the collection letters Defendant sent Plaintiff.

   **b.  Violations of the FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated § 1692f when it unfairly and unconscionably represented the time-sensitive nature of its settlement offers and the extent to which Plaintiff was being compelled to respond to Defendant's collection attempts immediately. Defendant's conduct was designed to unfairly put pressure on Plaintiff, when the entirety of such pressure was fabricated by Defendant in furtherance of its efforts to collect the subject consumer debt from Plaintiff.

WHEREFORE, Plaintiff, CENGIZ SENGEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

43. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

44. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

45. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

46. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendant engaged in deceptive and unfair conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

47. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the RFDCPA are evident in the design and representations of the collection letters Plaintiff received. Defendant's willful and knowing violations of the TCPA should trigger this

7

Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CENGIZ SENGEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: May 28, 2020            Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com